IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

☒ FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 2 6 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

DOMENEQUE PERRY,                    )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )   Civil Action No. ___CV26-00502-PHX-SMB___
                                    )
TIFFANY & BOSCO, P.A.,              )
                                    )
    Defendant.                      )

COMPLAINT AND JURY DEMAND

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE LRCWP 5.4, 7.1(c)(1)
(Rule Number/Section)

INTRODUCTION

Plaintiff Domeneque Perry ("Plaintiff"), appearing pro se, brings this action against Defendant Tiffany & Bosco, P.A. ("Defendant") arising from Plaintiff's termination following protected workplace safety activity, internal reporting, and subsequent agency involvement.

JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under federal law, including workplace retaliation protections.

Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Defendant maintains its principal place of business and executive headquarters in Phoenix, Arizona, and material employment decisions were directed from that location.

PARTIES

Plaintiff Domeneque Perry is an individual residing in Irondale, Alabama.

Defendant Tiffany & Bosco, P.A. is a professional association organized under the laws of Arizona, with its principal place of business located at 2525 East Camelback Road, Seventh Floor, Phoenix, Arizona 85016.

STATEMENT OF FACTS

1. From September 2024 to September 2025, Plaintiff Domeneque Perry ("Plaintiff") was employed by Tiffany & Bosco, P.A. as an Administrative Assistant in the firm's remote location in Homewood, Alabama office, located at 2501 20th Place South, Suite 300, Homewood, Alabama and Headquarters location of Seventh Floor Camelback Esplanade II | 2525 East Camelback Road | Phoenix, AZ 85016.

2. During Plaintiff's employment, Defendant Mark Bosco served as Chief Executive Officer of Tiffany & Bosco, P.A.

3. Defendant Andy Saag was an attorney and shareholder in the Alabama office.

4. Defendant Ginny Rutledge was an attorney in the Alabama office.

5. Defendant Jennifer Brown served in a managerial role overseeing administrative staff in the Alabama office.

6. On or about March 10, 2025, Plaintiff submitted a written workplace concern to management regarding safety and security issues within the Homewood office.

7. The communication was made in writing and raised concerns relating to employee safety.

8. Defendants were aware of Plaintiff's communication and responded to it during Plaintiff's employment.

9. On August 20, 2025, Defendant Andy Saag sent Plaintiff a written email outlining job responsibilities and expectations.

10. The email stated that failure to perform assigned tasks timely and accurately could result in disciplinary action, including termination.

11. The email did not specify a duration, expiration date, or corrective-action timeframe.

September 10–19, 2025 — Warning Clarification Communications

12. In early September 2025, Defendant Jennifer Brown discussed the August 20, 2025 email with Plaintiff.

13. During that discussion, Plaintiff was informed that the communication constituted a warning and that her job was in jeopardy.

14. Plaintiff thereafter sought clarification in writing regarding the duration of the warning.

15. Between September 18 and September 19, 2025, Plaintiff exchanged multiple emails with Defendants Jennifer Brown and Andy Saag requesting confirmation of whether a warning existed and, if so, its expiration period.

16. Defendant Brown directed Plaintiff to Defendant Saag for clarification.

17. Defendant Saag responded that the August 20 email "speaks for itself" and did not provide any expiration period or clarification.

September 9, 2025 — Internal Safety Report Regarding Indoor Vaping

18. On September 9, 2025, Plaintiff submitted a written internal report to management regarding repeated indoor vaping observed inside the Homewood office.

19. The report described ongoing use of electronic cigarettes inside the enclosed workplace during business hours.

20. Plaintiff reported that the conduct created continuous exposure concerns and implicated workplace health and safety obligations.

21. The report was submitted while Plaintiff was actively employed.

22. Defendant Jennifer Brown received the report.

23. Plaintiff reasonably believed the report concerned violations of workplace safety rules and applicable no-vaping policies.

24. On or about September 24, 2025, Plaintiff raised additional concerns related to office access and security conditions.

25. These concerns were communicated prior to Plaintiff's termination.

Termination

26. On September 26, 2025, Plaintiff's employment with Tiffany & Bosco, P.A. was terminated.

27. Plaintiff was terminated approximately seventeen days after submitting the internal vaping report.

28. At the time of termination, Plaintiff was presented with a separation agreement offering payment in the amount of $5,000 in exchange for confidentiality obligations.

29. No explanation was provided to Plaintiff tying the termination to any performance deficiency occurring after September 9, 2025.

Post-Termination Agency Notifications and Preservation Efforts

30. Following termination, Plaintiff submitted formal complaints and notifications to multiple municipal, county, state, and federal authorities concerning the conduct reported during her employment.

31. On September 12, 2025, Plaintiff submitted a whistleblower complaint to the Occupational Safety and Health Administration ("OSHA") under Section 11(c) of the Occupational Safety and Health Act, reporting indoor vaping and other workplace safety concerns and requesting protection from retaliation.

32. On October 16, 2025, Plaintiff submitted a formal written complaint to the City of Homewood, Alabama, reporting repeated indoor vaping violations at the Homewood office and requesting administrative enforcement under municipal health ordinances.

33. The municipal complaint identified Defendants Mark Bosco, Andy Saag, Ginny Rutledge, and Jennifer Brown as individuals connected to the workplace.

34. On October 19, 2025, Plaintiff submitted the same complaint through the City of Homewood's public comment intake system, reiterating the indoor vaping violations, her internal report dated September 9, 2025, and her termination on September 26, 2025.

35. On October 20, 2025, the City Manager of Homewood responded stating that the City lacked authority to enforce vaping restrictions within private businesses.

36. Plaintiff thereafter engaged in written correspondence with the City's outside counsel seeking clarification as to whether administrative enforcement or investigation would occur.

37. City counsel advised Plaintiff that enforcement would require a criminal warrant and declined to address administrative or public-health enforcement responsibilities.

38. On October 23, 2025, Plaintiff requested written confirmation as to whether the City of Homewood would investigate or formally decline investigation of the reported ordinance violations.

39. No administrative inspection or enforcement action was initiated by the City.

40. On October 25, 2025, Plaintiff submitted a written request to the Federal Bureau of Investigation requesting internal routing and preservation of records relating to the City of Homewood's handling of the complaint and communications involving Tiffany & Bosco, P.A.

41. The preservation request sought retention of documents, emails, and building management records dating from September 2024 through September 2025.

42. On November 2, 2025, Plaintiff submitted a public-health complaint to the Jefferson County Department of Health requesting review of continuous indoor vaping at the workplace.

43. On November 2, 2025, Plaintiff submitted a written complaint to the Alabama Department of Public Health Tobacco Prevention and Control Division reporting indoor vaping and requesting state-level review.

44. Plaintiff received automated nondelivery notices documenting her attempt to notify state authorities.

45. On December 7, 2025, Plaintiff submitted a formal complaint to the Arizona Attorney General's Office regarding Tiffany & Bosco, P.A.'s conduct as a multi-state employer headquartered in Phoenix, Arizona.

46. Plaintiff reported prolonged exposure to indoor vaping and retaliatory termination following protected safety activity.

State Health Investigation Findings

47. In November 2025, Plaintiff submitted supporting documentation to the Alabama Department of Public Health confirming the September 9, 2025 internal report.

48. On December 23, 2025, the Alabama Department of Public Health confirmed completion of its investigation.

49. The investigation verified that the facility maintained a written policy prohibiting smoking and vaping in the office.

50. The investigation established that Plaintiff's internal report concerned conduct prohibited under the employer's own written policies.

Settlement Communications

51. On September 26, 2025, Defendants, through the company, offered Plaintiff a settlement payment of $5,000 in exchange for confidentiality.

52. Plaintiff declined the amount and proposed settlement in the amount of $250,000 under the same agreement structure.

53. Between November 2025 and January 2026, Plaintiff engaged in written settlement discussions with counsel representing Tiffany & Bosco, P.A.

54. Plaintiff requested that Defendants review contemporaneous emails dated March 10, 2025, September 9, 2025, and September 24, 2025 before issuing any final denial.

55. Plaintiff specifically requested review of OSHA Section 11(c), which governs retaliation for protected workplace safety activity independent of whether a citation issues.

56. Defendants declined the settlement demand.

EEOC Notice of Right to Sue

57. On December 8, 2025, Plaintiff received a Notice of Right to Sue from the EEOC regarding Charge No. 540-2025-08249.

58. The EEOC process concluded in approximately three months.

59. Plaintiff notified Defendants of the Notice and provided a final opportunity to resolve the matter prior to filing in federal court.

60. No resolution was reached.

Final Pre-Suit Communications

61. Plaintiff has maintained contemporaneous documentation, including emails, agency confirmations, and investigative correspondence.

62. Plaintiff has preserved all records relevant to her employment, protected activity, termination, and subsequent agency proceedings.

63. This action arises from the sequence of protected workplace reports, management responses, termination, and post-termination handling described above.

64. On January 19, 2026, Plaintiff sent written correspondence to counsel representing Tiffany & Bosco, P.A. as a final attempt to resolve the matter prior to initiating formal litigation.

65. Plaintiff referenced the September 26, 2025 settlement offer in the amount of $5,000 and her prior counterproposal of $250,000.

66. Plaintiff requested clarification as to whether Defendants wished to propose a settlement amount higher than $5,000, lower than $250,000, or within that range.

67. Plaintiff advised that, absent further engagement, she intended to file suit in the United States District Court for the District of Arizona on or after January 31, 2026.

68. On January 21, 2026, Plaintiff sent a follow-up communication reiterating her position regarding the unresolved settlement posture.

69. Plaintiff stated that the original $5,000 settlement offer had never been withdrawn, modified, or substantively addressed following her counteroffer.

70. Plaintiff reiterated that her internal safety reports and subsequent agency filings formed the basis for her settlement demand.

71. No settlement was reached.

## CAUSES OF ACTION

### COUNT I

### Retaliation in Violation of Federal Law
### (Protected Workplace Safety Activity)

Plaintiff realleges and incorporates by reference the Statement of Facts as though fully set forth herein.

Plaintiff engaged in protected activity by submitting internal written reports concerning workplace health and safety conditions, including indoor vaping within an enclosed office environment.

Plaintiff further engaged in protected activity by reporting those conditions to municipal, state, and federal agencies.

Defendant was aware of Plaintiff's protected activity at the time it made the decision to terminate her employment.

Plaintiff suffered an adverse employment action when her employment was terminated on September 26, 2025.

The close temporal proximity between Plaintiff's protected activity and termination supports a causal connection between the two.

Defendant's actions constitute unlawful retaliation in violation of federal law including Section 11(c) of the Occupational Safety and Health Act protecting employees who report workplace safety concerns in good faith.

As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff suffered economic loss, emotional distress, and other damages.

### COUNT II

### Retaliation in Violation of Title VII of the Civil Rights Act of 1964

Plaintiff realleges and incorporates by reference the Statement of Facts as though fully set forth herein.

Plaintiff engaged in activity protected under Title VII by opposing conduct she reasonably believed to be unlawful and by participating in administrative proceedings, including filing a charge with the Equal Employment Opportunity Commission.

Defendant was aware of Plaintiff's protected activity.

Defendant thereafter subjected Plaintiff to adverse employment action by terminating her employment.

The timing and circumstances surrounding Plaintiff's termination establish a causal link between her protected activity and Defendant's actions.

Defendant's conduct violated Title VII's prohibition against retaliation.

Plaintiff suffered damages including lost wages, emotional distress, and harm to professional reputation as a result of Defendant's unlawful conduct.

## COUNT III

### Wrongful Termination in Violation of Public Policy

Plaintiff realleges and incorporates by reference the Statement of Facts as though fully set forth herein.

Public policy strongly favors allowing employees to report workplace health and safety concerns without fear of retaliation.

Plaintiff reported workplace conditions she reasonably believed violated health and safety requirements and Defendant's own written policies.

Plaintiff was terminated shortly after making such reports.

Defendant's termination of Plaintiff contravened well-established public policy protecting whistleblowers and employees who act in the interest of workplace safety.

As a result, Plaintiff suffered economic and non-economic damages.

## COUNT IV

### Failure to Prevent Retaliation

Plaintiff realleges and incorporates by reference the Statement of Facts as though fully set forth herein.

Defendant, through its managers and supervisory personnel, had knowledge of Plaintiff's protected activity.

Defendant failed to take reasonable steps to prevent retaliation against Plaintiff.

Instead, Defendant permitted or ratified adverse employment action following protected activity.

Defendant's failure to prevent retaliation resulted in harm to Plaintiff.

DAMAGES

Plaintiff seeks monetary damages in the total amount of Five Million Dollars ($5,000,000), allocated as follows:

• $2,500,000 attributable to Defendant's Homewood, Alabama operations;

• $2,500,000 attributable to Defendant's Phoenix, Arizona headquarters and executive management.

PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in her favor and against Defendant, together with all relief deemed just and proper by the Court.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Domeneque Perry

Plaintiff, Pro Se
Irondale, Alabama
Email: dperry0085@gmail.com

Date: 1/31/2026