WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Domeneque Perry, | No. CV-26-00502-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Tiffany & Bosco PA, | |
| Defendant. | |

Pending before the Court is Plaintiff Domeneque Perry's Complaint (Doc. 1) and Application for Leave to Proceed In Forma Pauperis (Doc. 2). After screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court **dismisses** the Complaint for the reasons explained below.

I.    **LEGAL STANDARD**

The Court must review the Complaint to determine whether the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

## II.   DISCUSSION

Plaintiff alleges that she worked for Defendant Tiffany & Bosco, P.A. from September 2024 until she was terminated in September 2025. (Doc. 1 at 2.) Prior to her termination, Plaintiff reported to management that she witnessed "repeated indoor vaping" in the office. (*Id.* at 4.) She claims Defendant terminated her in retaliation for that report. (*Id.* at 11.) Plaintiff asserts the following counts against Defendant: (1) retaliation in violation of Federal Law; (2) retaliation in violation of Title VII; (3) wrongful termination in violation of public policy; and (4) failure to prevent retaliation. (*Id.* at 11–13.) The Court considers each claim in turn.

### A.   Retaliation in Violation of Federal Law

Plaintiff alleges that Defendant's actions constituted unlawful retaliation in violation of the Occupational Safety and Health Act ("OSHA") Plaintiff's OSHA violation claim fails because "OSHA does not provide a private right of action." *See Clark v. Wells Fargo Bank*, 669 F. App'x 362, 363 (9th Cir. 2016); 29 U.S.C. § 653(b)(4) ("Nothing in this chapter shall be construed to . . . *enlarge* or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees . . . ."

(emphasis added)).  Therefore, OSHA does not provide Plaintiff a basis for relief.

### B. Retaliation in Violation of Title VII

The Court next turns to Plaintiff's Title VII Claim.  "Title VII makes it an unlawful employment practice for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Bond v. Wells Fargo Bank NA*, 782 F. Supp. 3d 743, 752 (D. Ariz. 2025) (citation modified) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 63 (1986)).  To state a Title VII retaliation claim, "Plaintiff must show that: (1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) the two are causally linked." *Gage v. Mayo Clinic*, 707 F. Supp. 3d 870, 883 (D. Ariz. 2023).

Plaintiff alleges that she engaged in protected activity by: (1) "submitting internal written reports concerning health and safety conditions, including indoor vaping within an enclosed office environment"; (2) reporting those conditions to municipal, state, and federal agencies; and (3) by filing a Charge with the Equal Employment Opportunity Commission ("EEOC").  (Doc. 1 at 11–12.)  Plaintiff alleges Defendant terminated her because of the foregoing activity.  (*Id.*).

To start, many of the mentioned activities took place *after* Plaintiff's termination.  (Doc. 1 at 5.)  Plaintiff does not identify any report made to municipal, state, or federal agencies made before her termination.  Additionally, Plaintiff does not establish that she filed her EEOC charge prior to her termination.  Thus, Plaintiff cannot establish the requisite causal connection between her termination and these activities.

This leaves Plaintiff's internal reports which were made prior to her termination.  Plaintiff alleges that she was terminated in response to a September 9, 2024 "written internal report to management regarding repeated indoor vaping observed in the Homewood office."  (Doc. 1 at 4.)  However, Plaintiff fails to plausibly allege that reporting indoor vaping is a "protected activity."  "An individual engages in protected activity under Title VII when the individual has a reasonable belief that the employment

- 3 -

practice being opposed is prohibited under Title VII." *Gardner v. Braithwaite*, 607 F. Supp. 3d 1106, 1120 (S.D. Cal. 2022) (citation modified). Plaintiff fails to establish that reporting indoor vaping, by itself, implicates a cognizable Title VII issue.

Additionally, Plaintiff does not plausibly allege that her report was the "but-for" cause of her termination. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360, (2013) ("Title VII retaliation claims must be proved according to traditional principles of but-for causation . . . . This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."). Plaintiff alleges that shortly before her vaping report, in August 2025, she received an "email outlining job responsibilities and expectations" which provided that "failure to perform assigned tasks . . . could result in disciplinary action, including termination." (Doc. 1 at 3.) Additionally, prior to Plaintiff's vaping report, she "was informed that [the August email] constituted a warning and that her job was in jeopardy." (*Id.* at 4.) Thus, Plaintiff's own allegations establish that Defendant were considering her termination prior to her vaping report.

Accordingly, Plaintiff fails to state a claim under Title VII.

**C. Wrongful Termination in Violation of Public Policy**

Plaintiff also alleges that Defendant wrongfully terminated her in violation of public policy. (*Id*. at 12.) Again, Plaintiff claims she was terminated in retaliation for reporting indoor vaping that violated "workplace safety rules and applicable no-vaping policies." (*Id.* at 5.) Plaintiff does not specify the legal basis for this claim. To the extent that Plaintiff brings a retaliatory discharge claim under the Arizona Employment Protection Act ("AEPA"), she fails to state a claim.

Arizona "wrongful termination . . . claims are governed exclusively by the AEPA." *Worldwide Jet Charter, Inc. v. Christian*, 527 P.3d 352, 356 (Ariz. Ct. App. 2023). The AEPA "sets out the limited circumstances in which an employee can bring a wrongful termination action in Arizona." *Harper v. State*, 388 P.3d 552, 554 (Ariz. Ct. App. 2016). "To establish a prima facie case of retaliation under the AEPA, an employee must show:

(1) the employee engaged in a protected activity; (2) the employee was terminated; and (3) that there is a causal link between the protected activity and the termination." *Murar v. AutoNation Inc.,* No. CV-19-05793-PHX-MTL, 2021 WL 3912849, at *5 (D. Ariz. Sep. 1, 2021). The AEPA provides that an "employee has a claim against an employer for termination of employment" only under certain enumerated circumstances. *See* A.R.S. § 23-1501(A)(3). The only protected activity remotely implicated here is outlined in § 23-1501(A)(3)(c)(ii). That provision provides a cause of action for employees that are retaliated against for disclosing a reasonable belief that the employer has violated Arizona law. Plaintiff does not allege what law Defendant violated, and it is unclear whether Plaintiff's internal report constitutes a disclosure for purposes of the statute. Therefore, Plaintiff fails to state a claim for wrongful discharge in violation of public policy.

### D. Failure to Prevent Retaliation

Finally, Plaintiff alleges that "Defendant failed to take reasonable steps to prevent retaliation against Plaintiff [and] permitted or ratified adverse employment action following protected activity." (Doc. 1 at 13.) Plaintiff does not state the legal basis for this claim. To the extent such a claim exists, Plaintiff provides no reason as to why it should be treated differently from the foregoing Title VII or APEA claims.

Therefore, Plaintiff fails to state a claim for failure to prevent retaliation.

### III. LEAVE TO AMEND

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation modified). The Court grants Plaintiff leave to amend her ECPA claim. Plaintiff's amended complaint must address the deficiencies identified above and should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. Within thirty (30) days from the date of entry of this Order, Plaintiff may submit a First Amended Complaint. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The First Amended Complaint must be retyped or rewritten in its entirety and

may not incorporate any part of the original Complaint by reference.

The Court draws attention to the District of Arizona's Federal Court Advice Only Clinic, Federal Court Advice Only Clinic - Phoenix | District of Arizona | United States District Court (uscourts.gov). The Court also notes the E-Pro Se program which assists litigants with creating a Complaint form, Welcome - eProSe (uscourts.gov). Lastly, the Court advises Plaintiff that certain resources for self-represented parties, including a handbook and the Local Rules, are available on the Court's website, www.azd.uscourts.gov, by following the link "Self-Represented Litigants."

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED granting** Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2).

**IT IS FURTHER ORDERED dismissing** Plaintiff's Complaint (Doc. 1) with leave to file a First Amended Complaint within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint within thirty (30) days of the date of this Order, the Clerk of Court shall dismiss this action without further order from the Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a First Amended Complaint, it may not be served unless and until the Court issues an Order screening the First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 20th day of February, 2026.

Honorable Susan M. Brnovich
United States District Judge