**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Domeneque Perry, | No. CV-26-00502-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Tiffany & Bosco PA, et al., | |
| Defendants. | |

This Court dismissed this action with prejudice on May 13, 2026. (Doc. 18.) Plaintiff appealed this decision (Doc. 29) and the case remains pending with the United States Court of Appeals for the Ninth Circuit. Plaintiff has filed a variety of motions and the Court rules as follows.

**A. Motion for Relief from Judgment (Docs. 28, 30)**

The Court first considers Plaintiff's Motion for Relief from Judgment under Federal Rule of Civil Procedure ("Rule") 60(b) (Doc. 28). "[T]he filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Kenner v. Beneditt*i, No. 3:08-CV-00489-ECR, 2012 WL 938747, at *1 (D. Nev. Mar. 19, 2012), *aff'd sub nom.*, *Kenner v. Smith*, 569 F. App'x 520 (9th Cir. 2014). "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case." *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004). Plaintiff has done so, filing a Motion for Indicative Ruling pursuant to Rule 62.1

(Doc. 30.)  The Court exercises its authority under Rule 62.1(a)(2) to deny the Motion.

Rule 60(b) provides for reconsideration where, as relevant here, there is mistake, inadvertence, surprise or excusable neglect.  *See Austin v. Baker*, No. CV 10-2467-PHX-ROS, 2014 WL 11320633, at *2 (D. Ariz. June 20, 2014).  "Rule 60(b) reconsideration is generally appropriate only when the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Id.* (citation modified).  Plaintiff argues that this Court committed "legal error" when it dismissed her Title VII claim "because Defendant could not have known of Plaintiff's EEOC communications prior to termination." (Doc. 28 at 2.)  The Court reviewed Plaintiff's Motion and finds that there is not a basis upon which to grant Rule 60(b) relief.  The Court highlights a few salient points.

To start, Plaintiff contends that her First Amended Complaint ("FAC") "explicitly alleged internal protected complaints" which can give rise to a Title VII claim.  (*Id.*)  Plaintiff is mistaken.  The FAC only expressly predicated Plaintiff's Title VII claim on "activity protected under Title VII . . . including initiating contact with the Equal Employment Opportunity Commission concerning conduct Plaintiff reasonably believed implicated statutory protections."  (Doc. 13 at 6.)  The FAC did not expressly link Plaintiff's Title VII claim to any other conduct, much less the discrete internal complaints Plaintiff identifies in her Motion.  The Court recognizes that the FAC states that Plaintiff engaged in activity "including" the EEOC communications which suggests there might be other protected activities.  However, "[i]t is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts."  *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026).

Plaintiff goes on to contend that this Court erred because she established causation in regards to her Title VII claim.  (Doc. 28 at 2.)  Plaintiff claims that "[t]he factual chronology in the FAC satisfies this standard."  (*Id.*)  Plaintiff then goes on to recite a "factual chronology" that did not appear in the FAC.  For example, Plaintiff points to an

August 13, 2025 event in which management confirmed that she did not have performance issues. (*Id.*) The FAC did not mention this event; neither did the FAC mention the August 20 event Plaintiff highlights in her Motion. (*See id.*) Nonetheless, the FAC did not mention these events in regards to the Title VII claim. The Court notes that Rule 60(b) "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000). Still, these events would not otherwise affect the Court's previous analysis.

Finally, Plaintiff argues that this Court violated *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) by dismissing the FAC with prejudice. (Doc. 28 at 2–3.) The Court disagrees. Plaintiff failed to bring cognizable claims on multiple occasions and, in filing the FAC, ignored the deficiencies the Court highlighted when it dismissed the original Complaint. (Doc. 7.) For example, the Court notified Plaintiff that her "OSHA claim" failed because "OSHA does not provide a private right of action." (Doc. 7 at 2.) Nonetheless, Plaintiff still asserted another OSHA claim in the FAC. (Doc. 13 at 7.) The FAC mostly remained disjointed and failed to present cognizable claims.

For these reasons the Court **grants** Plaintiff's Motion for Indicative Ruling pursuant to Rule 62.1 (Doc. 30) and **denies** her Motion for Relief from Judgment (Doc. 28). The Court accordingly **denies as moot** Plaintiff's various Motions to Expedite (Docs. 31, 32, 33, 34).

**B. Remaining Motions**

Plaintiff's remaining motions can be dealt with in short order. First, the Court **denies as moot** Plaintiff's Motion to File and Enter Pro Se Appellate Statement and Argument (Doc. 19) and Motion to Supplement Record (Doc. 21). These Motions are addressed to and seek relief from the Ninth Circuit. Plaintiff seemingly filed these Motions with this Court by mistake.

The Court next **denies** Plaintiff's Motions to Supplement the Record (Docs. 21, 22, 23). Under Federal Rule of Appellate Procedure 10(e)(2), the Court may "correct or

supplement the record when anything material to either party is omitted from or misstated in the record by error or accident." *Caraccioli v. Facebook, Inc.*, No. 5:15-CV-04145-EJD, 2017 WL 6272972, at *1 (N.D. Cal. Feb. 28, 2017) (citation modified). This is "not an appropriate vehicle for expanding the record on appeal with material not considered by the district court in the first instance." *Id.* (citation modified). Plaintiff attempts to do exactly that. For example, Plaintiff seeks to supplement the record with documents relating a "[p]roposed legislative framework" on a so-called "Judicial Clarity in Pleading Orders Act." (Doc. 21.) These documents are unrelated to the facts of this case and the claims asserted therein. Plaintiff also seeks to supplement the record with documents related to her EEOC filing. (Doc. 23 at 2–3.) Plaintiff never presented these records to the Court, and thus, are not appropriate for supplementation. *See United States v. Garcia*, 997 F.2d 1273, 1278 (9th Cir. 1993) ("The district court may not use Federal Rule of Appellate Procedure 10(e) to supplement the record with material not introduced or with findings not made.").

The Court next **denies** Plaintiff's Motions to Transmit the record and other filings to the Ninth Circuit (Doc. 24, 25, 26). No action is necessary on these Motions. The Ninth Circuit has electronic access to the record of this case as filed in this Court. To the extent these Motions seek to supplement the record, they are denied for the mentioned reasons.

Upon consideration, the Court **grants** Plaintiff's Motion to Waive Pacer Fees (Doc. 20).

**C. Conclusion**

Accordingly,

**IT IS ORDERED denying** Docs. 19, 21, 22, 23, 24, 25, 26, 28, 31, 32, 33, and 34.

**IT IS FURTHER ORDERED granting** Docs. 20 and 30.

Dated this 6th day of July, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 4 -